IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN STRAND,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY, a division of Wells Fargo Bank, N.A.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED HEARING<br><br><br>Case No. 2:11-CV-2 TS |

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff seeks to stop the foreclosure sale of his property based on Defendant's alleged negligence in processing Plaintiff's loan modification application.

I. BACKGROUND

The following alleged facts are taken from Plaintiff's Memorandum in Support of his Motion for Temporary Restraining Order and Preliminary Injunction. Sometime between November 2009 and August 2010, Plaintiff was advised by Defendant to apply for a loan

1

modification and to remain delinquent on his mortgage payments in order to qualify for the modification program. In August 2010, Plaintiff submitted an incomplete modification application, and in September 2010, Defendant requested additional information. Plaintiff submitted the information and the foreclosure sale scheduled for September 27, 2010, was postponed to November 11, 2010.

Defendant sought Plaintiff's 2009 tax return information from the IRS despite the fact that Plaintiff had previously provided Defendant a copy of his IRS extension showing his tax return had not yet been filed. On October 25, 2010, Defendant requested Plaintiff's pay stubs despite the fact that Plaintiff had previously submitted profit and loss statements and stated that he was self-employed.

On November 5, 2010, Defendant denied the HAMP[1] modification and failed to disclose how it had concluded that Plaintiff's housing to income ratio was below the HAMP requirement. On November 11, 2010, Defendant informed Plaintiff that his modification application was in review for an in-house modification offer and that the foreclosure sale was postponed until December 15, 2010. On December 7, 2010, Defendant informed Plaintiff that the modification application had not been removed from HAMP review and thus consideration for an in-house modification had not yet begun.

On December 10, 2010, Defendant advised Plaintiff for the first time that updated pay stubs and bank statements needed to be submitted every thirty days.

On December 12, 2010, Defendant received an updated HAMP application showing a

---

[1] Federal Making Home Affordable Program.

housing to income ratio that was within the HAMP guidelines. On or around December 15, 2010, Plaintiff received a letter from Defendant stating that the HAMP modification was denied again because of the housing to income ratio. The December foreclosure was postponed until January 12, 2011.

On December 23, 2010, Defendant mistakenly served on Plaintiff a document addressed to a third party.

On January 4, 2011, Plaintiff filed his Complaint with this Court. Plaintiff claims that Defendant acted negligently by failing to apply mortgage payments toward the loan, failing to maintain and organize documents, failing to correctly calculate Plaintiff's income, failing to timely notify Plaintiff regarding his HAMP application, failing to timely process Plaintiff's modification application, and failing to cancel the foreclosure sale. Plaintiff further claims that Defendant committed breach of contract by assessing unauthorized fees to which Plaintiff did not agree and by failing to credit Plaintiff's mortgage payments against the principal owed.

All of the above alleged facts are contained in Plaintiff's Memorandum in Support. No affidavits or other evidence have been provided to support Plaintiff's claims of negligence and breach of contract, nor has Plaintiff filed a verified complaint in lieu of an affidavit.

## II. DISCUSSION

In order for Plaintiff to be entitled to a temporary restraining order, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction

may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[2]

Having reviewed the allegations contained in his Complaint, as well as the arguments made in his Memorandum in Support, the Court finds that Plaintiff has failed to satisfy the high standard required to obtain a temporary restraining order or a preliminary injunction. Specifically, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits. Plaintiff has provided no affidavits or other documentary support demonstrating Defendant was negligent. For example, there is no evidence before the Court showing that Plaintiff's debt to income ratio, at the times Defendant calculated it, was within the HAMP guidelines. Furthermore, Plaintiff has failed to show why preventing the foreclosure is an appropriate remedy for his allegations of negligence and breach of contract. Therefore, Plaintiff's Motion is denied.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 3) is DENIED. It is further

ORDERED that Plaintiff's Motion to Expedite Hearing (Docket No 4) is DENIED AS MOOT.

---

[2]*General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

DATED   January 5, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge