IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN STRAND, and individual<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY, a division of Wells Fargo Bank, N.A.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S RENEWED EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION<br><br><br>Case No. 2:11-CV-2 TS |

This matter is before the Court on Plaintiff's Renewed Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction.[1] For the reasons stated below, the Court will deny the Motion.

The Court notes at the outset that it is unwilling to grant the Renewed Motion on an ex parte basis. Plaintiffs have been aware that their home has been in the foreclosure process for several months. The Renewed Motion was filed two days before the foreclosure sale is

---

[1]Docket No. 12.

1

scheduled to occur. Had the Motion been filed earlier, there would have been no need for it be ex parte, and Defendant would have had an opportunity to respond to it.

The Court denied Plaintiff's prior motion because Plaintiff "failed to satisfy the high standard required to obtain a temporary restraining order or a preliminary injunction. Specifically, Plaintiff . . . failed to demonstrate a substantial likelihood of success on the merits."[2] Also, the motion was denied because Plaintiff "failed to show why preventing the foreclosure is an appropriate remedy for his allegations of negligence and breach of contract."[3]

In Plaintiff's Renewed Motion, he has submitted exhibits supporting the claims in his prior motion. He also additionally argues that a temporary restraining order preventing a foreclosure sale on his residence is proper due to two reasons. First, Plaintiff built the home himself and it is the only home his family has lived in. Thus, it has emotional value that cannot be compensated through monetary damages. Second Plaintiff's spouse operates a massage, therapy, and spa treatment business in the home. Plaintiff alleges that the business is unable to afford the costs of renting a cosmetic facility. Plaintiff also alleges that Defendant's negligence caused his home to be foreclosed on because he relied on Defendant's advice to remain delinquent in order to qualify for a loan modification.

While it is lamentable that Plaintiff will lose an asset he personally built, his emotional ties to his home are not sufficient to warrant a temporary restraining order. He has brought a negligence and a contract claim and the Court finds that monetary damages would be sufficient

---

[2] Docket No. 6, at 4.

[3] *Id.*

to compensate him for these claims.

Regarding Plaintiff's spouse's business, the Court sees no reason why the business could not continue to operate out of another residence if it cannot afford a commercial location. Plaintiff sites *RoDa Drilling Co. v. Seigal*,[4] for the proposition that there are instances where monetary damages cannot compensate the loss of real property. However, in *RoDa Drilling Co.* the plaintiff was a drilling company that had purchased property and was being denied the use of the property in order to conduct its business operations.[5] There is a significant difference between the value of real property to a drilling business—where the property provides the natural resources necessary for the business to operate—and the value of a real property where a cosmetic business operates—which can move to a different location and still fully function. Thus, *Roda Drilling Co.* is distinguishable from the matter presently before the Court.

For the reasons discussed above, it is hereby

ORDERED that Plaintiff's Renewed Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Docket No. 12) is DENIED.

DATED   January 12, 2011.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge

---

[4] 552 F.3d 1203 (10th Cir. 2009).

[5] *Id.* at 1210-11.