IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN STRAND, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY, a division of Wells Fargo Bank, N.A.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE "PRELIMINARY STATEMENT" IN AMENDED COMPLAINT<br><br><br>Case No. 2:11-CV-2 TS |

This matter is before the Court on Defendant's Motion to Strike "Preliminary Statement" in Amended Complaint.[1] Defendant moves the Court to strike the three paragraphs following the heading Preliminary Statement at pages one and two of the Amended Complaint.[2] Defendant relies on Fed.R.Civ.P. 8(a), 8(d)(1), and 12(f). Plaintiff has not responded to the Motion.

---

[1] Docket No. 16.

[2] Docket No. 11.

1

Fed.R.Civ.P. 8(a) requires that a pleading provide: (1) a "statement of the ground for the court's jurisdiction" unless already established, (2) a statement showing entitlement to relief, and (3) a demand for relief. Subsection (d) requires that each allegation be "simple, concise, and direct." "No technical form is required."[3]

Fed.R.Civ.P. 12(f) permits courts to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading.

The Court finds that the Rules cited by Defendant do not forbid, in a complaint, a brief preliminary statement consisting of unnumbered paragraphs. Defendant has not cited any case law interpreting Rule 8 to have such a requirement. Additionally, Plaintiff is not prejudiced by the inclusion of a brief introduction, consisting of unnumbered paragraphs, in Plaintiff's Amended Complaint.[4] Thus, it is hereby

ORDERED that Defendant's Motion to Strike "Preliminary Statement" in Amended Complaint (Docket No. 16) is DENIED.

DATED   April 26, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] Fed.R.Civ.P. 8(d).

[4] *Brantley v. West Valley City Housing Authority*, 2009 U.S. Dist. Lexis 10824, at *6-7 (D. Utah Feb. 4, 2009) (denying a motion to strike an "introduction" section to a complaint under Rule 10 of the Utah Rules of Civil Procedure because "there is no prejudice in the inclusion of an introduction as part of Plaintiff's Verified Complaint").